IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-00471-LTB

KRISTI GILBERT,

      Plaintiff,

v.

UNITED FIRE & CASUALTY COMPANY, an Iowa corporation,

      Defendant.

_____

# ORDER
_____

This insurance case is before me on Defendant, United Fire & Casualty Company's,

Motion for Summary Judgment [**Docket # 20**] and supporting Brief [**Docket # 20-2**], Plaintiff,

Kristi Gilbert's, Response [**Docket # 25**], and Defendant's Reply [**Docket # 29**].  Oral arguments

would not materially assist the determination of this motion.  After consideration of the parties'

papers, the pleadings, and the case file, and for the reasons stated below, I GRANT Defendant's

motion [**Docket # 20**].

## I.  BACKGROUND

The following facts are undisputed.  Plaintiff brought the underlying bad faith/breach of

contract action against Defendant on the basis of Defendant's denial of insurance coverage to

Marilyn Welp ("Welp"), the driver of a vehicle that collided with Plaintiff's vehicle on October 9,

2002 ("underlying accident").  Plaintiff filed a lawsuit against Welp and Welp Farms, Inc. ("Welp

Farms") (collectively the "Welp parties"), in Weld County District Court ("underlying lawsuit")

alleging Welp negligently operated her vehicle in the underlying accident.  Plaintiff sustained

numerous injuries, including closed head injury, broken bones, and a blood clot in her left lung.

At the time of the accident, Welp was a named insured under a commercial auto policy issued by the Travelers Indemnity Company of Connecticut and a farm-ranch policy issued by the Travelers Indemnity Company of America (collectively "Travelers"). Welp Farms was a named insured under a commercial general policy ("United Fire policy" or "the policy") issued by United Fire & Casualty Company ("United Fire"). Welp herself was not a named insured under the United Fire policy.

Travelers undertook Welp's defense. During litigation of the underlying lawsuit, the Welp parties filed a successful motion for summary judgment arguing Welp Farms could not be held liable for Welp's negligence under a theory of *respondeat superior* because Welp was not acting within the course and scope of her employment. The trial court agreed, finding Welp's purpose in driving the vehicle that struck Plaintiff was purely personal and did not relate to the business of Welp Farms. (Ex. A-4).

Plaintiff eventually obtained a judgment in the amount of $456,609.49 against the Welp parties. After judgment was entered, Travelers paid Plaintiff the balance of its full policy limit—$296,569.68. United Fire refused to pay the remainder of the judgment based on its assertion that Welp did not qualify as an insured under the terms and conditions of the United Fire policy, and because the underlying accident did not occur on Welp Farms nor did it arise out of the ownership, maintenance, or use of Welp Farms. The Welp parties assigned Plaintiff all their rights, title, and interest in their claims against United Fire for collection of the unsatisfied portion of the judgment. As a result of this assignment of rights, Plaintiff brought the present bad faith/breach of contract claims against United Fire.

United Fire asserts it is entitled to summary judgment because Welp was not covered by the United Fire policy at the time of the underlying accident.  In support of its motion, United Fire points to sections of the United Fire policy that: (1) state members of a limited liability company are insureds only with respect to the conduct of the named insured's business, (Ex. A-1 p. 11); (2) state coverage is limited to injuries arising out of the ownership, maintenance, or use of the premises of Welp Farms, (Ex. A-1 pp. 2, 19); (3) contain an "Auto Exclusion" stating:

> This insurance does not apply to . . . "Bodily injury" or "property damage" arising out of ownership, maintenance, use or entrustment of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes "loading or unloading."  This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(Ex. A-1 pp. 4, 6); and (4) define "auto" as "a land or motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment," (Ex. A-1 p. 14).

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   Summary judgment is not proper if—viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for that party.  *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

3

The non-moving party has the burden of showing there are specific issues of material fact to be determined. *Celotex*, *supra*, 477 U.S. at 322. If there are genuine issues of fact, the granting of summary judgment is not in order. *United States v. Fisher-Otis Co., Inc.*, 496 F.2d 1146, 1149 (10th Cir. 1974). It is not enough that the evidence be merely colorable; the burden is on the non-moving party to come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment, therefore, is granted only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id.* Accordingly, in a bad faith/breach of insurance contract case, the non-moving party must show material facts in dispute by a preponderance of the evidence in order to defeat a motion for summary judgment. *See*, *e.g.*, COLO. JURY INSTR., CIVIL 3:1 (2006) ("To prove something by a 'preponderance of the evidence' means to prove that it is more probably true than not.").

## III. DISCUSSION

It is undisputed that Colorado state law applies to this diversity action. Under Colorado law, the assignee of an insurance contract bears the initial burden of proving that the loss was

within the scope of coverage.  *Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. Ct.

App. 1991).  Thus, for the purposes of this motion, Plaintiff must set forth evidence that—if

believed by the ultimate factfinder—makes it more likely than not Welp was covered by the policy

at the time of the underlying accident.  If Plaintiff sets forth such evidence, the burden then shifts

to United Fire to show there is no issue of material fact whether an exclusionary clause precludes

coverage and that the exclusionary clause is not subject to any other reasonable interpretation.

*Cruz v. Farmers Ins. Exch.*, 12 P.3d 307, 311 (Colo. Ct. App. 2000).

In interpreting an insurance contract under Colorado law, I apply principles of contract

interpretation.  *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo.

2004).  As when interpreting contracts, I must attempt to carry out the parties' intent and

reasonable expectations when they entered into the underlying policy.  *Id.*  I will give the words

their plain and ordinary meaning, unless the intent of the parties indicates otherwise.  *Id.*  Where

terms in a policy are ambiguous, I will construe the terms against the insurer as the drafter of the

policy and in favor of finding coverage for the insured.  *Id.*

United Fire advances three arguments in support of its motion for summary judgment: (1)

Welp did not qualify as an insured under the United Fire policy; (2) the underlying accident did

not occur as a result of the ownership, maintenance, or use of Welp Farms, nor arise from

operations necessary or incident to Welp Farms; and (3) the Auto Exclusion precludes coverage

for the underlying accident.

### 1.  Welp did not qualify as an insured under the United Fire farm policy

It is undisputed that Welp herself was not the named insured on the United Fire policy.

Plaintiff argues Welp—as a member of the limited liability company Welp Farms—was

5

nonetheless an insured under Section II(1)(c) of the policy: "If you are designated in the

Declarations as . . . A limited liability company, you are an insured.  Your members are also

insureds, but only with respect to the conduct of your business."  United Fire responds Welp does

not qualify as an insured under Section(II)(1)(c) of the policy because she was not conducting

company business at the time of the accident.  I agree.  As the Weld County District Court held,

when the accident occurred Welp was traveling from a dentist appointment to Wal-Mart to

purchase personal items.  (Ex. A-4).  Welp was clearly acting beyond the scope of her

employment at the time of the underlying accident.

Plaintiff next argues Welp and Welp Farms were engaged in a joint venture in the

operation of the vehicle that struck Plaintiff.  In support of the existence of such a joint venture,

Plaintiff proffers evidence that both Welp and Welp Farms had a right to the control and operation

of the vehicle in pursuit of a common purpose: the vehicle was purchased and maintained by Welp

Farms—but was commonly used to do family chores and personal errands unrelated to Welp

Farms's business—and the vehicle was used as collateral for Welp Farms's corporate line or

credit—but was registered personally to Welp and depreciated on Welp's personal taxes.

According to Plaintiff, the common purpose of the joint venture was increasing Welp Farms's

profits and providing convenience and pleasure to Welp herself.  Plaintiff argues Welp should be

covered by Section II(1)(b) of the United Fire policy—which covers members of a joint venture

when engaged in the business of the joint venture—because at the time of the underlying accident

she was driving the vehicle for her personal convenience, one of the alleged joint venture's

purposes.  *See Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 998 P.2d 475, 477 (Colo. Ct. App.

2000) (holding when a joint venture exists, the negligence of one venturer may be charged against

6

the other if the negligent act was done within the scope of the joint venture).

Plaintiff argues I am bound by the November 7, 2005, order of Weld County District Court Judge Daniel S. Maus finding: "There is a genuine issue of material fact as to whether a joint venture existed in relationship to the operation of the vehicle." (Ex. A-4 p. 5). I agree. Regardless of whether a joint venture existed, however, there is still no genuine question of material fact whether the joint venture was insured under the United Fire policy at issue. Thus, even with a question of fact regarding the existence of a joint venture, summary judgment is appropriate because that question is not material.

When an insured is presented with multiple "check the box" options on an insurance contract, checking the box next to an option demonstrates the insured contemplated the choices and chose between the available options. *See, e.g., Hatfield v. Liberty Mut. Ins. Co.*, 98 F. App'x 789, 795–96 (10th Cir. 2004); *S. Gen. Ins. Co. v. Mathis*, 360 S.E.2d 19, 22 (Ga. Ct. App. 1987); *Oakland Neurosurgical Arts, P.C. v. Blue Cross and Blue Shield of Mich.*, 356 N.W.2d 267, 270 (Mich. Ct. App. 1984). In the Declaration, the United Fire policy lists the named insured as "Welp Farms, Inc." (Ex. A-1 p. 2). The "Form of Business" is marked as "Corporation," despite the availability of a "Joint Venture" classification. (Ex. A-1 p. 1). The availability of a "joint venture" classification in the United Fire policy, and language in the policy referring to a joint venture as distinct from a corporation, demonstrates the parties contemplated insuring a joint venture but instead chose to insure a corporation. Plaintiff provides no evidence of fraud or mistake sufficient to overcome this presumption.

Plaintiff is bound by the plain and ordinary meaning of the United Fire policy's terms. *Cotter Corp.*, *supra*, 90 P.3d at 819. The policy's plain language states: "No person or

7

organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations." (Ex. A-1 pp. 11–12).  The alleged joint venture was never designated a named insured. Accordingly, I find no ambiguity regarding whether the United Fire policy covered anything other than the Welp Farms corporation.  Even if a joint venture existed at the time of the underlying accident, it was not insured under the United Fire policy.

2.  The underlying accident did not occur as a result of the ownership, maintenance, or use of Welp Farms nor arise from operations necessary or incident to Welp Farms

The United Farm policy limits coverage to damages "arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises."  (Ex. A-1 p. 19).  Under Colorado law, "arising" in an insurance contract means "originating from," "flowing from," or "growing out of."  *N. Ins. Co. of N.Y. v. Ekstrom*, 784 P.2d 320, 323 (Colo. 1989).  Colorado courts construe the term "arising out of" in an insurance contract to bar coverage where the covered use was not the "but for" cause of the injury.  *Id*.  The "but for" test is satisfied if the activity that caused the injury would not have occurred except for the occurrence of a covered activity.  *See Titan Constr. Co. v. Nolf*, 515 P.2d 1123, 1126 (Colo. 1973).  If there is a "lack of relationship" between the covered activity and the activity that caused the accident, the accident does not arise out of a covered activity.  *Id*.

Plaintiff does not attempt to color Welp's personal errands as arising out of the ownership, maintenance, or use of Welp Farms other than repeating the argument that ownership and use of Welp's vehicle was pursuant to the purposes of a joint venture.  As I have already rejected Plaintiff's argument that the United Fire policy covered such a joint venture, I reject Plaintiff's

arguments on this point as well.

I also reject Plaintiff's argument that Welp's use of the vehicle when she struck Plaintiff was "necessary or incidental" to the "operations" of Welp Farms. Although Colorado courts have not precisely defined "necessary or incidental," the term "operations" means "the process or series of acts actively engaged in by the insured . . . on behalf of its business." *Merrell v. Republic W. Ins. Co.*, 931 P.2d 577, 579 (Colo. Ct. App. 1997); *see also State Auto Cas. Underwriters v. Beeson*, 516 P.2d 623, 625 (Colo. 1973) (holding the act of throwing apartment keys out of an apartment window was necessary and incidental to the job-related duty of managing the apartment keys). There is no indication in the policy—nor in the parties' papers—that the parties bargained for coverage extending beyond those activities related to the business of Welp Farms. Rather, Plaintiff's injury was—as Welp admits and the Weld County District Court held—caused by "operations" Welp took for her personal enjoyment and convenience. *See Merrell*, 931 P.2d at 579. Accordingly, no genuine issue of material fact exists whether the underlying accident occurred as a result of the ownership, maintenance, or use of Welp Farms, nor whether the accident arose from operations necessary or incidental to the operation of Welp Farms.

### 3.  The Auto Exclusion precludes coverage for the underlying accident

The United Fire policy contains a specific exclusion precluding coverage for bodily injury or property damage arising out of the ownership, maintenance, use, or entrustment to others of any motor vehicle designed for travel on public roads. (Ex. A-1 pp. 6, 14). The vehicle Welp was driving, a 1995 Chevrolet Suburban, falls under this definition. Plaintiff argues the exclusion is ambiguous because it is contrary to language in the following endorsement: "This insurance applies only to 'bodily injury,' 'property damage,' 'personal and advertising injury' and medical

expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the

Schedule and operations necessary or incidental to those premises; or 2. The project shown in the

Schedule." (Ex. A-1 p. 19) ("Endorsement").

When an endorsement added to an insurance policy directly conflicts with a provision in

the policy, Colorado law requires the terms of the endorsement control. *State Farm Mut. Auto.*

*Ins. Co. v. Graham*, 860 P.2d 566, 568 (Colo. Ct. App. 1993). Where no direct conflict exists,

however, I must strive to give meaning to the insurance contract as a whole and construe the

policy and endorsement harmoniously so that no terms are rendered meaningless. *See*

*Progressive Specialty Ins. Co. v. Hartford Underwriters Ins. Co.*, 148 P.3d 470, 474 (Colo. Ct.

App. 2006). I will not strain the meaning of terms to create a conflict where none exists. *Allstate*

*Ins. Co. v. Starke*, 787 P.2d 14, 18 (Colo. 1990).

As an initial matter, Plaintiff fails again to demonstrate that the underlying accident arouse

out of the ownership, maintenance, or use of Welp Farms other than rehashing the already-

rejected argument that Welp was pursuing the purposes of a covered joint venture. Even if I were

to accept this argument, however, I still find no conflict between the two provisions. The

Endorsement, by including the term "only," clearly intends to *limit* coverage to those occurrences

arising out of the ownership, maintenance, or use of Welp Farms. *See, e.g., Farrell v. Comm'r of*

*Internal Revenue*, 136 F.3d 889, 895 (2d Cir. 1998); *PlayMedia Sys., Inc. v. Am. Online, Inc.*,

171 F. Supp. 2d 1094, 1115 (C.D. Cal. 2001) ("the word 'only' is a limiting and restrictive term .

. . and in that sense means 'solely' or the equivalent of the phrase 'and nothing else'" (citations

omitted)). The Auto Exclusion further limits coverage to those damages—otherwise covered

under the policy and Endorsement—that do not arise out of the ownership, maintenance, use, or

10

entrustment to others of any motor vehicle designed for travel on public roads.  Plaintiff's

construction—suggesting I abandon the additional limitations of the Auto

Exclusion—transmogrifies the concept of limitation into one of inclusion, construing the term

"only to" in the Endorsement to mean "to every."  Such a construction improperly strains the

plain language of the policy.  *See Allstate*, *supra*, 797 P.2d at 18.

Plaintiff's invocation of Section IV(4)(b)(1)(d) of the policy to show ambiguity is likewise

unhelpful as that Section specifically incorporates the Auto Exclusion by reference: "This

insurance is excess over any of the other insurance, whether primary, excess, contingent or any

other basis if the loss arises out of the maintenance or use of aircraft, 'autos' or watercraft *to the*

*extent not subject* to exclusion g. of Section I–Coverage A–Bodily Injury And Property Damage

Liability."  (Ex. A-1 p. 13) (emphasis added) (internal formatting omitted).

## IV.  CONCLUSION

Under Colorado law, an insurer has no duty to defend a party that is not covered by an

applicable policy.  *See Miller v. Hartford Cas. Ins. Co.*, 160 P.3d 408, 410 (Colo. Ct. App.

2007).  Where an insurer has no duty to defend, there is no duty to indemnify.  *Id.* at 412.

Plaintiff bears the initial burden of setting forth evidence that—if believed by the ultimate

factfinder—makes it more likely than not Welp was covered by the United Fire policy at the time

of the underlying accident.  Plaintiff has not met this burden.  Further, even if Plaintiff had done

so, United Fire demonstrates there is no genuine issue of material fact whether the Auto

Exclusion precludes coverage of the underlying accident.

Accordingly, Defendant's Motion for Summary Judgment [**Docket # 20**] is GRANTED.


Dated: November __5__, 2007.

BY THE COURT:


        s/Lewis T. Babcock
Lewis T. Babcock, Judge
